**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| **PETER NWAIZUZU,** and all others similarly situated<br><br>        **Plaintiff,**<br><br>vs.<br><br>**DUNLAP GARDINER ATTORNEYS AT LAW, LLP,**<br><br>        **Defendant.** | **Case No.:**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**JURY TRIAL DEMAND** |

## CIVIL COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Peter Nwaizuzu, on behalf of himself (hereinafter "Plaintiff"), and all others similarly situated, by and through his undersigned attorney, alleges against Dunlap Gardiner Attorneys at Law, LLP (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1.   This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, brought by Peter Nwaizuzu, in his own individual capacity, and on behalf of a class of other, as of yet unidentified, similarly situated individuals.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff, Peter Nwaizuzu, is a natural person, who at all relevant times has resided in the city of McDonough, Henry County, State of Georgia, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant, Dunlap Gardiner Attorneys at Law, LLP, is a law firm and does business in the State of Georgia, with its corporate mailing address as 5604 Wendy Bagwell Parkway, Ste 923, Hiram, GA 30141, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices/letters/communications from Defendant which, as alleged herein, is in violation of the FDCPA, and who reside in the State of Georgia as of one year from the date of Plaintiff's Complaint (the "Class").

Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant as impracticable. On information and belief, hundreds or thousands of persons have received debt collection notices/letters/communications from Defendants, which violate various provisions of the FDCPA.

7.     This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

8.     The Class is so numerous that joinder of all members is impracticable.  On information and belief, hundreds or thousands of persons have received debt collection notices/letters/communications from Defendant which violate various provisions of the FDCPA.

9.     The debt collection notices/letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

10.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the

Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

11. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

13. The members of the class have claims which are unlikely to be vindicated in the absence of a class action.

14. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

15. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and

without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

16.   Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

17.   Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

18.   Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **FACTUAL STATEMENT**

19.   At all times relevant to this litigation, Defendant has engaged in a course of collection activity aimed at Plaintiff.  The debt upon which Defendant sought collection originated with Lovejoy Callaway Crossings Homeowners Association,

Inc., and accrued as allegedly unpaid homeowners association fees ("Subject Debt").

20. At a time better known to the Defendant, the Subject Debt was placed with their law firm for collection. In furtherance of the collection of the Subject Debt, Defendant sent Plaintiff written correspondence date March 24, 2017 ("Collection Letter").

21. The Collection Letter advised, *inter alia*, that the Subject Debt was due and owing in the amount of $3,135.20.

22. The Collection Letter further advised in pertinent part as follows:

> "If you wish to dispute this debt, please do so within 30 days of receiving this notice or this debt **will be assumed to be valid**." (emphasis added)

23. The Collection Letter was received and read by Plaintiff on or about March 27, 2017.

24. At all times relevant, and as of the date of this filing, Plaintiff disputes the validity of this debt.

# COUNT I
# VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES ACT
# 15 U.S.C. §1692, *et seq.*

25. Plaintiff repeats and realleges the allegation contained in paragraphs (1) through (24) above and incorporates them with the same force and effect as if set forth specifically herein.

26. The Collection Letter was received and read by Plaintiff on or about March 27, 2017.

27. The Collection Letter advised in pertinent part as follows:

> "If you wish to dispute this debt, please do so within 30 days of receiving this notice or this debt **will be assumed to be valid**." (emphasis added)

28. 15 U.S.C. § 1692g(a)(3) requires a debt collector to inform the consumer that unless the consumer disputes the validity of the debt, or any portion thereof, within thirty days of receipt of the collection notice, "the debt will be assumed to be valid **by the debt collector**."

29. Defendant failed to include the language that the debt would be assumed to be valid "by the debt collector," in violation of 15 U.S.C. § 1692g(a)(3).

30. Upon Plaintiff's receipt of the letter, he did not know, and could not know, that only Defendant would be entitled to assume the debt is valid if Plaintiff did not dispute the Subject Debt within the prescribed (30) day time period.

31. The statement that the debt "*will be assumed to be valid*," without stating by whom the debt will be assumed to be valid, would lead the least sophisticated consumer to believe that the debt will be assumed to be valid by various other persons, entities, parties, or even a court or other governmental authority.

32. In as much as Defendants' statement is a violation of 15 U.S.C. § 1692g(a)(3), the statement, at its core, is a false, deceptive and misleading representation of Plaintiff's rights in violation of 15 U.S.C. §1692e Pre-face and 15 U.S.C. § 1692(e)(10).

33. Plaintiff has been damaged and is entitled to relief.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff, Peter Nwaizuzu, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff for the following:

A. That an order be entered certifying the class as described above, pursuant to Fed. R. Civ. Pro. 23(b)(3).

B. That an order be entered declaring the Defendant actions, as described above, in violation of the FDCPA;

C. That judgment be entered against the Defendant, and for all class members, for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

D. That judgment be entered against the Defendant and for all class members, for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

E. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

F. That the Court enjoin Defendants from further misrepresenting the federally mandated disclosures under 15 U.S.C. §1692g, *et seq*.

G. That the Court grant such other and further relief as may be just and proper.

*Rest of Page Left Intentionally Blank;*
*Signature Page to Follow*

Dated: October 2, 2017

    Respectfully Submitted,
    s/ Jonathan B. Mason
    Jonathan B. Mason, Esq.

    GA Bar ID #475659
    Mason Law Group, P.C.
    1100 Peachtree Street, NE, Suite 200
    Atlanta, GA 30309
    Telephone: (404) 920-8040
    Email: jmason@atlshowbizlaw.com

    *Attorney for Plaintiff Peter Nwaizuzu*

    Of Counsel to the Firm:
    Law Offices of Michael Lupolover
    120 Sylvan Avenue, Suite 303
    Englewood Cliffs, NJ 07632
    Telephone: (201) 461-0059
    Facsimile: (201) 608-7116
    Email: dpf@lupoloverlaw.com